IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY L. FLETCHER,

     Plaintiff,

v.                                                              Case No. 23-cv-908-NJR

UNITED STATES MARSHALS
SERVICE, TERRE HAUTE U.S.P. ,
U.S. MARSHAL ROGERS,
U.S. MARSHAL BATSON, and
JORRAD PETERS,

     Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Anthony L. Fletcher, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at Federal Correctional Institution – Terre Haute ("FCI – Terre Haute"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at the Randolph County Jail, located within this district. In the Complaint, Fletcher alleges Defendants denied him access to his property in violation of the Fourteenth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In his Complaint, Fletcher makes the following allegations: On December 16, 2022, Fletcher was released from Pinckneyville Correctional Center into the custody of the United States Marshals Service and transferred to Randolph County Jail, a federal holding facility (Doc. 2, p. 3). All of Fletcher's personal, legal, and religious property was contained in 27 boxes that were transferred to Randolph County Jail, although the property was never inventoried by any defendant (*Id*.). On December 18, 2022, Fletcher met with U.S. Marshals Rogers and Batson, as well as Randolph County Sheriff Jorrad Peters (*Id*.). The three defendants told Fletcher that he would not be able to transfer any of his property with him to federal prison. On January 10, 2023, Fletcher transferred to FCI – Terre Haute (*Id*.). His property, including personal, legal, copyright registration, intellectual, and religious property, was withheld and not transferred to Terre Haute (*Id*. at p. 4). Instead, he was informed that he would need to have someone pick up his property from Randolph County Jail or it would be destroyed (*Id*.).

### *In Forma Pauperis* Motion

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment *in forma pauperis* ("IFP"), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Although Fletcher failed to disclose his prior litigation history, a review of documents filed in the electronic docket on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Fletcher has had at least three cases which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Fletcher v. Epperson*, Case No. 03-cv-2020-HAB-DGB (C.D. Ill. Mar. 31, 2003); *Fletcher v. Emery*, Case No. 07-cv-1051-HAB-JAG (C.D. Ill. Apr. 5, 2007); *Fletcher v. Urban*, Case No. 96-cv-2442 (N.D. Ill. May 1, 1996).

Thus, Fletcher has accumulated three "strikes" for purposes of Section 1915(g) and cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"Imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed [as a pauper] when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed [as a pauper]." *Id*. at 330.

The imminent danger exception is available for "genuine emergencies," where "time is pressing." *Lewis v. Sullivan*, 279 F. 3d 526, 531 (7th Cir. 2002). In Fletcher's

Complaint (Doc. 2), he alleges that his personal property was not returned to him when he transferred from Randolph County Jail to Terre Haute. Included in his personal property were his state and federal trial record, copyright registration for his twelve-book compilation of religious works, and his motion under the First Steps Act for compassionate release. Fletcher alleges that the materials cannot be reproduced, and he is in imminent physical danger in federal prison (*Id*. at p. 6). In his motion to proceed IFP, Fletcher alleges that he is in the special housing unit at Terre Haute because he is in imminent danger of physical harm from other inmates due to the nature of his conviction (Doc. 1, p. 2). Although Fletcher alleges that he is in imminent physical danger in federal custody, his allegations in his Complaint are not related to the current danger he allegedly faces. There are no allegations to suggest he is in imminent danger due to his lack of property. Thus, his allegations fail to clear the three-strike hurdle.

## Pending Motions

As to Fletcher's objection and motion to vacate (Doc. 9), Fletcher objects to the Court's Order (Doc. 8) denying his request for an emergency injunction. Fletcher did not file a separate motion for injunctive relief and failed to meet the standard for a preliminary injunction in his Complaint. Fletcher's objection indicates that he did file a separate motion for injunctive relief, although he filed it in his criminal case. *USA v. Fletcher*, Case No. 07-cr-10043-MMM-JAG (Doc. 431). But the motion was never filed in his civil case, nor did he ever request that his motion be filed in his civil case. *See Fletcher v. United States Marshal Service*, Case No. 23-cv-1095-SLD. Although Fletcher alleges that the Central District of Illinois failed to transfer his motion to this Court, the motion was

never filed in his civil case. In fact, the motion was filed in his criminal case *before* Fletcher

filing his civil case. Fletcher also has not filed a motion seeking a preliminary injunction

in this case. Further, neither his current motion nor his Complaint demonstrate that

Fletcher has met his burden of showing he is entitled to injunctive relief. *See Planned*

*Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012)

(Plaintiff must demonstrate that: (1) he has a reasonable likelihood of success on the

merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction.).

Fletcher's motion to vacate (Doc. 9) is **DENIED**.

As to Fletcher's motion for status and a copy of the docket sheet (Doc. 12), the

Clerk is **DIRECTED** to send Fletcher a copy of the current docket sheet. Fletcher's motion

to show cause regarding the status of his motion (Doc. 13) is **DENIED as moot**

<u>Disposition</u>

For the reasons set forth above, Fletcher's Motion to Proceed *in Forma Pauperis*

(Doc. 1) is **DENIED**. His motion for objection and to vacate (Doc. 9) is **DENIED**.

**IT IS ORDERED** that Fletcher shall pay the full filing fee of $400.00 for this action

on or before **August 9, 2023**. If he fails to comply with this Order in the time allotted by

the Court, this case will be dismissed for failure to comply with a court order and/or for

failure to prosecute this action. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051,

1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Fletcher is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not

later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  July 19, 2023**

                                              _____
                                              **NANCY J. ROSENSTENGEL**
                                              **Chief U.S. District Judge**