IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY L. FLETCHER,<br><br>　　　Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS SERVICE, TERRE HAUTE U.S.P., U.S. MARSHAL ROGERS, U.S. MARSHAL BATSON, and JORRAD PETERS,<br><br>　　　Defendants. | Case No. 23-cv-908-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　　Plaintiff Anthony L. Fletcher, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at Federal Correctional Center – Terre Haute ("FCI – Terre Haute"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at the Randolph County Jail. In the Complaint, Fletcher alleges Defendants denied him access to his property in violation of the Fourteenth Amendment. Because Fletcher had more than three cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim, and his Complaint did not allege imminent danger, the Court denied his request to proceed *in forma pauperis* (Doc. 14). He was ordered to pay the full filing fee or face dismissal of his claims for failure to comply with a court order and/or for failure to prosecute his case.

　　　Fletcher was ordered to pay the full filing fee on or before August 9, 2023. As of this date, the Court has not received the filing fee nor has Fletcher asked for additional time to pay the filing fee.

The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** based on Fletcher's failure to pay the filing fee and failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Fletcher wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Fletcher does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  August 18, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**